**UNITED STATES of America,**

v.

**Joanne RICHARDSON, Defendant.**

**No. CRIM.A. 02–10211–WGY.**

United States District Court,
D. Massachusetts.

July 13, 2004.

ruling, while three have ordered briefing on

Robert M. Andalman, Jeremy D. Margolis, Sonnenschein, Nath & Rosenthal, Chicago, IL, Evan Georgopoulos, A. John Pappalardo, Greenberg Traurig, LLP, Boston, for Joanne Richardson (1), Defendant.

Michael K. Loucks, Susan G. Winkler, George W. Vien, United States Attorney's Office, Boston, MA, for USA, Plaintiff.

## MEMORANDUM

YOUNG, Chief Judge.

### I. INTRODUCTION

This is a period of unprecedented trial activity in the United States District Court for the District of Massachusetts. Criminal trials are up 100%. Statement of United States Attorney Michael Sullivan, Federal Bar Association Breakfast, Feb. 2004. For three consecutive weeks in May–June

the issue.

2004, the Court sitting in Boston impaneled five cases every Monday while handling two multi-week cases as well (one running eight weeks). This activity has placed added strains on an already depleted corps of dedicated court reporters. (We have already lost one of our very best to a court that is far less busy.) There are other operational challenges as well. This case details one of them and how the Court has met it.

On December 16, 2003, the defendant Joanne Richardson ("Richardson") moved to dismiss the superseding indictment in her case with prejudice on the ground that she has not been brought to trial within the time period mandated by the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (the "Act"). Def.'s Mot. to Dismiss [Doc. No. 132] at 10. The Act provides that a defendant must be brought to trial "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Act, however, excludes certain periods of delay from the seventy-day period. *Id.* § 3161(h). After reviewing the briefs filed by Richardson and the Government, the Court held a hearing on January 12, 2004 and denied Richardson's Motion to Dismiss the superseding indictment pursuant to the Speedy Trial Act. *See* Hrg. Tr. (1/12/04). This memorandum explains the reasoning behind this ruling.

## II. BACKGROUND

On June 25, 2002, the grand jury returned an indictment charging Richardson with perjury and obstruction of justice. Indictment [Doc. No. 1]. On October 31, 2002, the grand jury returned a superseding indictment charging Richardson with two counts of false declaration and two counts of obstruction of justice. Superseding Indictment [Doc. No. 35]. The case was originally drawn by Judge Stearns, who referred the case to Magistrate Judge Cohen for pretrial proceedings. On August 11, 2003, Judge Stearns recused himself from the case due to his personal friendship with local defense counsel A. John Pappalardo, Esq. Order of Recusal [Doc. No. 82]. The case was redrawn on August 13, 2004 to Judge Wolf, who also recused himself on the same day. Order of Recusal [Doc. No. 84]. Ultimately the case was redrawn to Judge Lindsay.

At a pretrial conference held on November 17, 2003, Judge Lindsay informed the parties that he could schedule the 12–day trial to begin on January 19, 2004, or he could have the case redrawn if the proposed trial date posed a speedy trial problem. *See* Clerk's Notes (11/17/03). Judge Lindsay invited the parties to notify the court regarding the status of the case by November 18, 2003. *See id.* On November 18, 2003, the Government filed a "Motion to Set a Trial Date of January 19 and for Excludable Delay for the Period Between November 17, 2003 and January 19, 2004," [Doc. No. 113] ("Govt. Mot. to Set Trial Date and Exclude Delay"). Therein, the Government calculated that "[a]bsent any additional excludable delay, trial in this case must commence on or before December 18, 2003." *Id.* at 4 (emphasis omitted). The Government therefore requested that the Court, in the interest of justice, continue the trial to January 19, 2004 and exclude the intervening period of delay pursuant to 18 U.S.C. § 3161(h)(8)(A). *Id.; see also* 18 U.S.C. § 3161(h)(8)(A) (allowing the exclusion of "[a]ny period of delay from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such a continuance on the basis of his

findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial"). In a letter to Judge Lindsay dated November 20, 2003 [Doc. No. 114], Richardson opposed the Government's motion. On November 24, 2003, the Government filed a Reply [Doc. No. 116] to Richardson's letter, and, on the following day, Richardson filed a Memorandum in Opposition [Doc. No. 119] to the Government's motion.

Without issuing an order relating to the speedy trial issues presented, Judge Lindsay invoked a new procedure, causing the case to be redrawn from a pool of those judges indicating the matter could be tried on an expedited basis.[1] Redrawn to this session on December 1, 2003, the parties appeared before this Court on the same day in order to discuss how the case was to proceed. Through her counsel, Richardson expressed to the Court her position that the speedy trial clock had already expired. *See* Hrg. Tr. at 2, 4 (12/1/03). The Court conceded that the speedy trial issues were not clear, but stated that it seemed as though the clock had not yet run. *Id.* at 4. Sensitive to Richardson's rights, the Court offered to impanel a jury for the case on the following Monday, December 8, 2003. *Id.* at 5. Alternatively, the Court suggested that, if the parties agreed, it could impanel the jury on January 5, 2004 and exclude the time between December 8, 2003 and January 5, 2004 in the interest of justice. *Id.* at 6. Offered

trial within a week, Richardson immediately agreed to the later January date. *See id.* at 7.[2] Both parties ultimately agreed on January 12, 2004 as the trial date. *Id.* at 8.

Thereafter, the parties filed numerous pretrial motions in this Court, starting with a Motion in Limine [Doc. No. 125] filed by the Government on December 3, 2003. Richardson filed a motion to dismiss the superseding indictment with prejudice on December 16, 2003, reiterating that she had not been brought to trial within the time period mandated by the Speedy Trial Act.

## III. DISCUSSION

All along the Government has calculated that the speedy trial period in this case would have expired on December 18, 2003. Richardson argued that the Government's calculation improperly excluded 15 days that expired before the superseding indictment was returned against her on October 31, 2002, and 13 days that expired between the Magistrate Judge Cohen's Order of September 4, 2003, and Richardson's objection to that Order on September 18, 2003. Def.'s Mem. in Supp. [Doc. No. 133] at 11–14. Including these 28 days in her calculation, Richardson contended that the seventy-day speedy trial period expired on November 20, 2003. *Id.* at 11.

Even if this Court accepted Richardson's argument that the Government im-

---

**1.** This efficacious procedure was ratified by the Court in January 2004, Minutes of the Court meeting January 6, 2004, and has since been utilized in *United States v. Peebles*, No. 03–10390–DPW (*See* Order of 5/10/04 and n. 2 below).

**2.** In trial parlance, Richardson was "ready until reached," a phrase I picked up from my mentors on the Massachusetts Superior Court where I learned the judging trade. Peebles,

when afforded the same opportunity for a prompt trial, pled guilty to as much of the indictment as alleged dealing in firearms without a license and waived a jury trial on the quantity of firearms so dealt, leaving that matter for resolution in a jury-waived criminal trial. *See* Hrg. Tr. (6/21/04); *see also Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *United States v. Green*, —— F.Supp.3d ——, 2004 WL 1381101 (D.Mass. June 18, 2004).

properly excluded 28 days from the speedy trial clock, she was still brought to trial before the period of limitation expired. On November 18, 2003, two days before the seventy-day period was to expire according to Richardson's calculations, the Government filed a motion before Judge Lindsay, which argued that the speedy trial period would expire on December 18, 2003 and requested that the court nevertheless continue the trial until January 19, 2004 in the interest of justice. *See* Govt.'s Mot. to Set Trial Date and Exclude Delay, at 3–4. Specifically, the Government argued *inter alia* that their request for a continuance and excludable delay were justified because the Government's trial counsel, Assistant United States Attorney George Vien, would be on trial in another matter through approximately December 10, 2003 and because it would be unlikely, given the tight time frame, that the case could be redrawn to a fourth judge for trial before the expiration of the speedy trial period. *Id.* at 4–5. Judge Lindsay never formally "ruled" on this motion, but instead had the case redrawn on December 1, 2003.

The Speedy Trial Act provides that "delay resulting from *any* pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excludable from the seventy-day time period. 18 U.S.C. § 3161(h)(1)(F). Richardson argues that the Government's November 18, 2003 motion was not a motion at all, but merely a status report. *See* Def.'s Mem.

in Supp., at 14 n. 3. Although this is a close call, this Court rejected Richardson's argument. The Government's motion is more than just a generic request to set a trial date. The motion admits that even according to the Government's calculations, the speedy trial clock would run before the proposed trial date of January 19, 2004. Govt.'s Mot. to Set Trial Date and Exclude Delay, at 3. It then goes on to request that Judge Lindsay, in his discretion, grant a continuance until January 19, 2004 and exclude the intervening delay instead of redrawing the case to another judge so that it could be put to trial before December 18, 2003. *Id.* at 3–4. The Government put forth three reasons why the court should grant the continuance and exclude the delay, citing the relevant provisions of the Act. *See id.* at 4–5. On its face, the Government's filing appeared to be a genuine motion. The motion also appeared sufficiently straightforward as to warrant action without a hearing. The last brief relating to the Government's motion was filed by Richardson on November 25, 2003 [Doc. No. 119], and, although Judge Lindsay never issued an order relating to the motion, he essentially denied it when he promptly had the case redrawn on December 1, 2003 instead of granting the continuance and excluding the delay. Although the Court understands Richardson's frustration with the timing of the Government's filing, the Act explicitly provides that "*any* pretrial motion" tolls the speedy trial clock.[3] *See* 18 U.S.C. § 3161(h)(1)(F) (emphasis added).

---

**3.** It is worth noting that the Speedy Trial Act *separately* provides for disciplinary action against attorneys who file frivolous motions for the purpose of delay:

> In any case in which counsel for the defendant or the attorney for the Government (1) knowingly allows the case to be set for trial without disclosing the fact that a necessary witness would be unavailable for trial; (2)

> *files a motion solely for the purpose of delay which he knows is totally frivolous and without merit;* (3) makes a statement for the purpose of obtaining a continuance which he knows to be false and which is material to the granting of a continuance; or (4) otherwise willfully fails to proceed to trial without justification consistent with

Accordingly, the Court calculated that even if it adopted Richardson's position that the Government had improperly excluded 28 days from the speedy trial period of limitation, the Government's motion of November 18, 2003 tolled the period through December 1, 2003.[4] One day expired on December 2, 2003. On December 3, 2003, the time period was tolled again by the Motion in Limine [Doc. No. 125] filed by the Government. The period between December 3, 2003 and December 8, 2003 was excluded on account of the Government's pending Motion in Limine, and the period between December 8, 2003 and January 12, 2004 was excluded in the interest of justice by agreement of both parties, see Hrg. Tr. (12/1/03) at 8; Order [Doc. No. 122] at 3. Therefore, upon final calculation, the Court determined that a total of 68 days had expired from the speedy trial period at the time Richardson was brought to trial on January 12, 2003.

## IV.   CONCLUSION

For the forgoing reasons, the Court DENIED Richardson's Motion to Dismiss [Doc. No. 132].   See Hrg. Tr. (1/12/04).

section 3161 of this chapter, the court may punish any such counsel or attorney ... 18 U.S.C. § 3162(b) (emphasis added). The question of whether the Government's motion qualified for such punishment was not before this Court, and therefore this Court will not comment on it. Nevertheless, this provision suggests that although the Act tolls the speedy trial clock for "any pretrial motion," there is a separate mechanism in place to guard against meritless motions filed for solely the purpose of delay.

4.   According to Richardson's calculations, 67 days had run on the speedy trial clock prior to November 18, 2003.